UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>INNOGRIT, CORP.,<br><br>    Defendant. | Case No. 19-CV-02082-LHK<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER; ORDERING DEFENDANT TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND GRANTING EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 12 |

Before the Court is Plaintiff's motion for: (1) a temporary restraining order ("TRO"); (2) an order to show cause regarding why a preliminary injunction should not issue; (3) expedited discovery; and (4) entry of the Northern District of California's model protective order. Having considered Plaintiff's submissions, the relevant law, and the record in this case, the Court: (1) DENIES Plaintiff's motion for a TRO; (2) GRANTS Plaintiff's request for an order to show cause regarding why a preliminary injunction should not issue; (3) GRANTS expedited discovery; and (4) DENIES without prejudice Plaintiff's request for entry of the Northern District of California's Model Protective Order.

**I.      BACKGROUND**

1

Case No. 19-CV-02082-LHK
ORDER DENYING TEMPORARY RESTRAINING ORDER; ORDERING DEFENDANT TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND GRANTING EXPEDITED DISCOVERY

### A. Factual Background

Plaintiff is a provider of electronic design automation ("EDA"). ECF No. 1 ("Compl.") at ¶ 8. EDA refers to "using computers to design, verify, and simulate the performance of electronic circuits." *Id.* Plaintiff has invested substantial sums of money in designing EDA software, and offers a variety of software applications to purchasers. *Id.* at ¶ 10.

In order to access Plaintiff's software, customers purchase licenses, which grant "customers limited rights to install [Plaintiff's] EDA software and to access and use specific . . . software programs subject to control by [Plaintiff] via its license key system." *Id.* at ¶ 11. The license key system is a "security system that controls access to its licensed software by requiring a user to access an encrypted control code provided by [Plaintiff] in order to execute the licensed software." *Id.*

In early 2017, Synopsys International Ltd. ("Synopsys Ltd."), a wholly-owned subsidiary of Plaintiff Synopsys, Inc., began negotiations to license the EDA software to Defendant. Defendant allegedly represented that Defendant would only use the EDA software at Defendant's office in Shanghai, China. *Id.* at ¶ 16. An end user license and maintenance agreement ("EULA") was ultimately executed between Synopsys Ltd., the Plaintiff's wholly-owned subsidiary, and Defendant. However, "on or about May 2017, just months after the EULA specifying use exclusively in Shanghai was signed," Plaintiff accuses Defendant of pirating Plaintiff's software for use in Defendant's San Jose, California office. *Id.* at ¶ 25. Plaintiff alleges that Defendant's circumvention of the license key system "has enabled it to use [Plaintiff's] software without authorization many thousands of times." Thus, Plaintiff alleges that Defendant has violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201. *Id.* at ¶¶ 27-36.

### B. Procedural History

On April 17, 2019, Plaintiff filed a complaint against Defendant. ECF No. 1. On April 18, 2019, Plaintiff filed the instant motion for: (1) a temporary restraining order; (2) an order to show cause regarding why a preliminary injunction should not issue; (3) expedited discovery; and (4) entry of the Northern District of California's model protective order. ECF No. 12 ("Mot.").

2

Case No. 19-CV-02082-LHK
ORDER DENYING TEMPORARY RESTRAINING ORDER; ORDERING DEFENDANT TO SHOW CAUSE
WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND GRANTING EXPEDITED DISCOVERY

## II. LEGAL STANDARD

Because Plaintiff seeks issuance of a TRO without notice to Defendant, Plaintiff must satisfy both the general standard for temporary restraining orders and the requirements for ex parte orders set forth in Federal Rule of Civil Procedure 65(b). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

In addition, a plaintiff seeking issuance of a TRO without notice to the defendant must satisfy two further requirements: (1) "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the applicant's attorney must certify in writing the reasons why notice should not be required. Fed. R. Civ. Pro. 65(b)(1). The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an ex parte TRO. *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Such circumstances include "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (quoting *Amer. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

## III. DISCUSSION

First, the Court addresses Plaintiff's request for a TRO. Second, the Court discusses Plaintiff's request for an order to show cause regarding why a preliminary injunction should not issue. Third, the Court considers Plaintiff's request for expedited discovery. Fourth, the Court determines whether to enter the Northern District of California's Model Protective Order.

3

Case No. 19-CV-02082-LHK
ORDER DENYING TEMPORARY RESTRAINING ORDER; ORDERING DEFENDANT TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND GRANTING EXPEDITED DISCOVERY

## A. Temporary Restraining Order

As aforementioned, a plaintiff seeking a TRO must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. The Court finds that the Plaintiff has failed to show that Plaintiff will suffer irreparable harm in the absence of preliminary relief. Thus, the Court will limit the discussion to irreparable harm, as it will be dispositive of whether a TRO will issue.

### 1. Irreparable Harm

Plaintiff argues that it will suffer irreparable harm because allowing piracy of its software will undermine "the value of [Plaintiff's] copyrighted work and its ability to effectively negotiate with customers who intended to use its software," erode business goodwill, and "lose its reputation as an EDA leader in the industry." Mot. at 9-10.

To demonstrate irreparable harm, Plaintiff must show that "irreparable harm is real and significant, not speculative or remote." *Sapiano v. Millennium Entm't, LLC*, 2013 WL 12122435, at *4 (C.D. Cal. Mar. 15, 2013) (citing *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiffs must also establish that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Court finds Plaintiff's rationales unpersuasive. First, Plaintiff's claims that failure to issue a TRO will undermine the value of Plaintiff's software and Plaintiff's ability to effectively negotiate with customers. However, at bottom, Plaintiff's software's value and Plaintiff's ability to negotiate with customers implicate the cost of licensing the EDA software to customers. These are quantifiable injuries, and courts have held that "this involves purely monetary harm measurable in damages." *Oakland Tribune, Inc. v. Chronicle Publishing Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985); *see also eBay*, 547 U.S. at 391 (holding that a plaintiff seeking a TRO must show that monetary damages are "inadequate to compensate for that injury"). Thus, Plaintiff's alleged injury here does not support a finding of irreparable harm.

4

Case No. 19-CV-02082-LHK
ORDER DENYING TEMPORARY RESTRAINING ORDER; ORDERING DEFENDANT TO SHOW CAUSE
WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND GRANTING EXPEDITED DISCOVERY

In addition, Plaintiff claims that without a TRO, its business goodwill will be eroded. Admittedly, courts have held that loss of business goodwill can constitute irreparable harm. *See, e.g.*, *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 2001) (acknowledging that "intangible injuries," such as "goodwill" may qualify as irreparable harm). However, the current record does not support a finding of such an injury. Specifically, if the alleged harms are rooted in contract, "the Court finds that the injury is compensable with money damages and does not support a finding of irreparable harm." *Fox Broadcasting Co. v. Dish Network, L.C.C.*, 905 F. Supp. 2d 1088, 1111 (C.D. Cal. 2012). In the instant case, there is a EULA contract licensing Plaintiff's software to Defendant. This contract undergirds Plaintiff's relationship with Defendant. Therefore, Plaintiff's allegations that Defendant illegally used Plaintiff's EDA software in the United States as opposed to confining the software use to just Shanghai, which was Plaintiff's expectation and what was ultimately memorialized in the EULA, is fundamentally a dispute over the scope and terms of the EULA. Compl. at ¶ 17. As such, Plaintiff's harms are "essentially contractual in nature," and are thereby remediable via monetary damages. *Id.* Specifically, in Plaintiff's complaint, Plaintiff alleges that Defendant "knows a license is required to access and operate [Plaintiff's] software and nonetheless is intentionally using technological measures to circumvent [Plaintiff's] software access controls shows that [Defendant] understands that it is violating . . . intellectual property rights." *Id.* at ¶ 26. Thus, even Plaintiff admits that the executed EULA between Synopsys Ltd. (Plaintiff's wholly-owned subsidiary) and Defendant lies at the heart of this case.

Moreover, the Court notes that Plaintiff's motion for TRO fails to identify when Plaintiff first learned that Defendant was allegedly accessing Plaintiff's software without authorization. Instead, Plaintiff alleges that "[u]nbeknownst to [Plaintiff], on or about May 2017, . . . [Defendant] began accessing and using EDA tools in the United States without authorization." Thus, the Court is unable to discern whether Plaintiff delayed seeking a TRO, which "implies a lack of urgency and irreparable harm." *ConocoPhillips Co. v. Gonzalez*, 2012 WL 538266, at *3 (N.D. Cal. Feb.

5

17, 2012) (quoting *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985)); *see also eAcceleration Corp. v. Trend Micro, Inc.*, 408 F. Supp. 2d 1110, 1122 (W.D. Wash. 2006) ("[Plaintiff's] decision to delay approximately one year before bringing this motion contradicts its suggestion that it is suffering urgent, continuing, and irreparable harm.").

In sum, because Plaintiff has not demonstrated that it will suffer irreparable harm, the Court DENIES Plaintiff's request for a TRO.

**B. Order to Show Cause Why Preliminary Injunction Should Not Issue**

Though Plaintiff's TRO was denied, the Court may ultimately grant a preliminary injunction. *See, e.g.*, *Qualcomm, Inc. v. Motorola, Inc.*, 185 F.R.D. 285, 287 (S.D. Cal. 1999) ("A TRO is issued to preserve the status quo before a preliminary injunction hearing may be held."). Thus, Defendant is hereby ORDERED to show cause why a preliminary injunction should not issue. Defendant's brief, which shall not exceed 20 pages, shall be due on May 14, 2019. Plaintiff's opposition, which shall not exceed 16 pages, shall be due on June 4, 2019. A preliminary injunction hearing is hereby set for June 27, 2019, at 1:30 p.m.

**C. Expedited Discovery**

Federal Rule of Civil Procedure 26(d) allows for discovery prior to a Rule 26(f) conference. "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement . . . ." *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010). "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3)

Case No. 19-CV-02082-LHK
ORDER DENYING TEMPORARY RESTRAINING ORDER; ORDERING DEFENDANT TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND GRANTING EXPEDITED DISCOVERY

the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (quoting *Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority*, 234 F.R.D. 4, 6 (D.D.C. 2006)). The Court analyzes each factor individually.

### 1. Whether a Preliminary Injunction is Pending

Plaintiff "seeks entry of a preliminary injunction." Mot. at 13. Expedited discovery could allow Plaintiff to find evidence supporting its theory that Defendant is illegally using Plaintiff's EDA software. Therefore, this factor weighs in favor of granting expedited discovery. *See, e.g.*, *Interserve*, 2010 WL 143665, at *2 ("Expedited discovery will allow plaintiff to determine whether to seek an early injunction.").

### 2. Breadth of the Discovery Requests

Plaintiff represents that the breath of the discovery requests is narrow because Plaintiff "seeks to image only the computers on which [Defendant] is accessing and running [Plaintiff's] EDA software." *Id.* Plaintiff also argues that delay "could cause this evidence to be altered or destroyed, even inadvertently." *Id.* at 14. Thus, Plaintiff has established that there is a direct link between the discovery requested and the Plaintiff's allegations, which weighs in favor of granting expedited discovery. *See, e.g.*, *NobelBiz, Inc. v. Wesson*, 2014 WL 1588715, at *2 (S.D. Cal. Apr. 18, 2014) (granting expedited discovery when the plaintiff "has proffered facts that provide a reasonable basis to believe that Defendant" engaged in behavior that is the subject of the suit).

### 3. Purpose for Requesting Expedited Discovery

Plaintiff "seeks solely to forensically image and analyze only [Defendant's] computers at this point for the purposes of preserving infringement evidence and determining the extent of the unauthorized use." Mot. at 14. As aforementioned, Plaintiff has tailored its discovery request to computers that may contain information pertaining directly to Plaintiff's allegations. Thus, this factor weighs in favor of allowing expedited discovery.

7

#### 4. The Burden on the Defendant to Comply with the Requests

The burden on Defendant is minimal; all Plaintiff requests is access to some of Defendant's computers. Defendant need not take any action or produce any documents in response. Thus, allowing Plaintiff to forensically image some of Defendant's computers minimally burdens Defendant. This factor weighs in favor of granting expedited discovery.

#### 5. How Far in Advance of the Typical Discovery Process the Request was Made

As there is currently no case schedule set and no initial case management conference date, the litigation is still in its infancy. Thus, this expedited discovery request was made in advance of the typical discovery process. Nonetheless, in *NobelBiz*, the court allowed expedited discovery to be taken before the court set a Rule 26(f) conference. 2014 WL 1588715, at *1. Therefore, this factor is neutral.

In sum, 4 of the 5 factors to be considered in determining whether to grant expedited discovery weigh in favor of granting expedited discovery, and 1 factor is neutral. Thus, the Court GRANTS Plaintiff's request to conduct expedited discovery.

### D. Entry of the Northern District of California's Model Protective Order

Discovery cannot be withheld on the basis of confidentiality absent Court order. The Protective Order authorized by the Northern District of California shall govern discovery unless and until the Court enters a different protective order. The Protective Order, which can be found on the Court's website, contains blanks that must be filled in and extensive commentary. Plaintiff attached this blank Protective Order form with extensive commentary to Plaintiff's motion. ECF No. 12-7. By April 26, 2019, Plaintiff shall fill in the blanks and delete the commentary and file the Protective Order that it wishes the Court to enter. Accordingly, Plaintiff's request of entry of the Northern District of California's Model Protective Order is DENIED without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's TRO is DENIED; Defendant is hereby ORDERED to Show Cause Why Preliminary Injunction Should Not Issue; Plaintiff's request for expedited discovery is GRANTED; and Plaintiff's request of entry of the Northern District of California's

8

Case No. 19-CV-02082-LHK
ORDER DENYING TEMPORARY RESTRAINING ORDER; ORDERING DEFENDANT TO SHOW CAUSE
WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND GRANTING EXPEDITED DISCOVERY

Model Protective Order is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: April 23, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge